O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-6943 ODW (PLAx) | Date | October 21, 2009 |
|---|---|---|---|
| Title | *United States of America v. $617,342.83 In Bank Funds, et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | | |
|---|---|---|---|

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):**    Order re Cross-Motions for Summary Judgment [51, 68]

    The United States of America ("Plaintiff") filed this civil forfeiture action pursuant to 31 U.S.C. § 5317 against $617,342.83 in bank funds seized from four different bank accounts. Plaintiff alleges that these funds were involved in Raksha Patel, Rashmikant Patel, and R.N.R. Oils, Inc.'s (collectively, "Claimants") illegal structuring of cash deposits into the four accounts. Pending before the Court are Plaintiff's and Claimants' cross-motions for summary judgment [51, 68]. Having considered the arguments raised in support of and in opposition to the instant Motions, the Court deems these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons briefly discussed below, both Motions are DENIED.

## I.    FACTUAL BACKGROUND

    The parties allege the following facts. Unless otherwise indicated, these facts are undisputed.

    Raksha Patel and Rashmikant Patel are the sole owners and shareholders of R.N.R. Oils, Inc. (UF[1] 1.) Together, they operate two ARCO AM/PM gas stations and

---

[1] The Court cites to Claimants' Opposition to Plaintiff's Uncontroverted Facts and Conclusions of Law [92].

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6943 ODW (PLAx) | Date | October 21, 2009 |
|---|---|---|---|
| Title | *United States of America v. $617,342.83 In Bank Funds, et al.* | | |

convenience stores in Los Angeles county. (Amarshi Decl. ¶ 5.) From 2005 to 2007, the stores collectively generated cash revenue of over $12 million per year. (Id. at ¶ 6; PUF[2] 4.)

From 2005-2007, the Patels deposited cash received from their stores into three separate bank accounts: a Wells Fargo account (account # xxxxx6108) and two Bank of America accounts. (PUF 5.) The Wells Fargo account was a personal account, while the Bank of America accounts were business accounts maintained by R.N.R. Oils, Inc. in order to receive deposits. (PUF 6-7.)

R.N.R. Oils, Inc. maintains two business accounts at City National Bank, which are used to pay the company's bills and creditors. (PUF 8.) To pay creditors, money was occasionally transferred to these City National accounts from the Patels' personal and business accounts at Wells Fargo Bank of America, respectively. (PUF 9.)

On suspicion that Claimants were structuring their cash deposits so as to avoid triggering a bank's requirement to file a Currency Transaction Report ("CTR"), the government, at some point, began investigating the Patels' deposits into their Wells Fargo and City National bank accounts. On May 2, 2008, pursuant to seizure warrants, the Internal Revenue Service seized $617,342.83 in Claimants' bank funds as follows: (1) $284,339.69 from the Wells Fargo xxxxx6108 account; (2) $200,000.00 from a separate Wells Fargo personal account (account # xxxxx3215); (3) $44,677.28 from an R.N.R. Oils, Inc. City National Bank account (account # xxxxx8859); and (4) $88,325.86 from a separate R.N.R. Oils, Inc. City National Bank account (account # xxxxx1206). (PUF 2.) Allegedly, the money seized from the City National accounts is traceable to the Patels' Wells Fargo personal accounts. (Pl. Mot. at 7-8.)

On October 21, 2008, Plaintiff filed a verified Complaint for Forfeiture of the identified funds pursuant to 31 U.S.C. 5317(c)(2). A First Amended Complaint was filed on November 17, 2008. Claimants filed claims on December 29, 2008, followed by Answers on December 30, 2008.

---

[2] The Court cites to Plaintiff's Statement of Genuine Issues of Fact in opposition to Claimants' Motion for Summary Judgment [77].

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6943 ODW (PLAx) | Date | October 21, 2009 |
|---|---|---|---|
| Title | *United States of America v. $617,342.83 In Bank Funds, et al.* | | |

## II.   LEGAL STANDARD

For purposes of summary judgment, when the opposing party has the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g.*, *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990). The moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex v. Cattret*, 477 U.S. 317, 323-24 (1986).

If the moving party meets its burden, the burden shifts to the opposing party to establish genuine material factual issues. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party with the burden of proof "must establish each element of his claim with significant probative evidence tending to support the complaint." *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994) (internal quotations omitted). A complete failure of proof on an essential element of the nonmoving party's case renders all other facts immaterial, and entitles the moving party to summary judgment. *Celotex*, 477 U.S. at 322.

## III.   DISCUSSION

Plaintiff contends the Court should grant summary judgment in its favor because the undisputed evidence shows that Claimants knowingly structured cash deposits to avoid initiating CTR reporting requirements. Specifically, Plaintiff argues that between October 27, 2005 and January 31, 2006, a total of 51 structured deposits totaling $666,817.00 were made into at least one of the Patel's bank accounts. Of these, 28 were in the amount of exactly $10,000, $9,999, or $9,998, and 20 were same-day multiple deposits of $10,000 or less. (Pl. Mot. at 1.)

### A.   *Genuine Issues of Material Fact Exist as to Whether Claimants Structured Cash Deposits in Violation of 31 U.S.C. § 5324*

Federal law requires banks to file CTRs with the IRS for any cash transaction exceeding $10,000.00. *See* 31 U.S.C. 5313(a); 31 C.F.R. § 103.22(b)(1). Section 5324 prohibits any person from structuring transactions for the purpose of evading a bank's

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6943 ODW (PLAx) | Date | October 21, 2009 |
|---|---|---|---|
| Title | *United States of America v. $617,342.83 In Bank Funds, et al.* | | |

CTR filing requirement. 31 U.S.C. § 5324. The government may seek civil forfeiture of any funds involved in, or traceable to, such structuring transactions, which violate § 5324. 31 U.S.C. § 5317(c)(2).

To prove a § 5324 violation, the government must show "that a defendant had knowledge of the reporting requirements and acted to avoid them." *United States v. Van Allen*, 524 F.3d 814, 820 (7th Cir. 2008) (citations omitted); *see United States v. MacPherson*, 424 F.3d 183, 189 (2d Cir. 2005). In doing so, the government is not required to prove willfulness; i.e. knowledge that structuring is illegal. *United States v. Pang*, 362 F.3d 1187, 1193 (9th Cir. 2004) (noting that Congress excepted violations of § 5324 from the penalty provisions of § 5322, which require willfulness).

As to Plaintiff's Motion, the Court finds that there are genuine issues of material fact which preclude entering judgment as a matter of law. Specifically, there is evidence to support the conclusion that Claimants kept their deposits at $10,000 or less in order to avoid incurring certain bank charges and fees. For example, according to Claimant Rashmikant Patel's declaration, a Wells Fargo employee told him that as long as he kept his deposits at $10,000.00 or below, the account would retain its "personal" nature and would continue to earn interest. (Patel Decl. at 2; Pl. resp. to req. no. 1, #8-10.[3]) Otherwise, if more than $10,000.00 were deposited, Patel was told the account would become a business account, which, in turn would stand to incur various fees and charges. (Patel Decl. at 2-3.) Indeed, had Claimants deposited their money into a business account, Claimants would have incurred approximately $10,000.00 in charges and fees instead of earning over $40,000.00 in interest. (PUF 12.) Further, Patel states that in his various discussions with Wells Fargo employees and bank managers, he was never advised that there was an issue with the amounts deposited or that there were any reporting requirements.[4] (Patel Decl. at 4.)

---

[3] Plaintiff's objections to Claimant Patel's evidence is overruled. This evidence is not being offered for the truth of the matter asserted.

[4] Because Plaintiff's allegations with respect to Claimants' City National accounts are based on the tracing of structured funds from Claimants' Wells Fargo accounts, the Court notes the disputed facts only as they relate to Claimants Wells Fargo accounts.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6943 ODW (PLAx) | Date | October 21, 2009 |
|---|---|---|---|
| Title | *United States of America v. $617,342.83 In Bank Funds, et al.* | | |

     Notwithstanding the above evidence, Plaintiff contends the Court should nonetheless grant summary judgment in its favor. Plaintiff relies on the fact that between April 25, 1994 and March 3, 2008, 958 CTRs and 13 FINCEN Form 110s[5] were filed related to the Patel Claimants' social security numbers. (Ota Decl. ¶ 6, Exhs. 2-3.) Plaintiff notes that on 15 of these 958 CTRs (or, approximately 1.5%) at least one of the Patel Claimants driver's licence was produced to verify the Claimant's identity. (Id. at ¶ 24, Exh. 3.) Even though this evidence may support Plaintiff's argument that the Claimants at least had knowledge of the CTR reporting requirements, it does not justify summary judgment in its favor because, as discussed above, there is evidence indicating that the Patel Claimants did not act to avoid those requirements.

     Finally, Plaintiff relies on circumstantial evidence demonstrating that of the various allegedly structured deposits, several were in the amount of either $10,000 exactly, $9,999, $9,998, or were same-day, multiple deposits of $10,000 or less. (Mot. at1; 16-17.) The Court finds that this evidence similarly does not support summary judgment in Plaintiff's favor because there is evidence that Claimants kept their deposits at $10,000 or less to earn interest and to avoid incurring business account fees and charges.

     In sum, there appear to be disputed issues of material fact as to whether Claimants knew of the CTR reporting requirements and acted to avoid them. Judgment as a matter of law is, therefore, improper. Plaintiff's Motion is DENIED.[6]

    **B.**    *Claimants' Motion for Summary Judgment*

     Claimants' Motion for Summary Judgment presents evidence which raise the same

---

    [5] A From 110 is an application to allow an account holder to be exempt from the currency reporting requirements.

    [6] The Court notes, and at this time dismisses, Claimants' excessive fine argument. Given the factual disputes as to whether Claimants acted to avoid the CTR reporting requirement, in addition to the arguable applicability of *United States v. Bajakajian*, 524 U.S. 321 (1988), the Court cannot grant judgment as a matter of law as to Claimants' Eighth Amendment defense.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6943 ODW (PLAx) | Date | October 21, 2009 |
|---|---|---|---|
| Title | *United States of America v. $617,342.83 In Bank Funds, et al.* | | |

triable issues noted above.[7]  Thus, Claimants' Motion is DENIED.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds genuine issues of material fact as to whether Claimants unlawfully structured their cash deposits in violation of 31 U.S.C. § 5324.  Accordingly, both Motions for Summary Judgment are DENIED.

**SO ORDERED.**

                                                              ----   :   00
                                            Initials of Preparer   RGN

---

[7] Indeed, Claimants' brief in opposition to Plaintiff's Motion for Summary Judgment almost completely mirrors their affirmative Motion for Summary Judgment.